70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thermon MOORE, Plaintiff-Appellant,
v.
COUNTY OF MUSKEGON; Muskegon County Friend of the Court;
Russell W. Vanderwier; Charles Covello; Gary
Grinwis; Mr. Bennett, Defendants-Appellees.
 No. 94-2471.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1995.
 
 Before: WELLFORD, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Thermon Moore, a pro se Michigan plaintiff, appeals a district court order dismissing his amended civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking $39 million in damages and a declaratory judgment, Moore sued Muskegon County (Michigan), the office of the Muskegon County Friend of the Court, and four employees of that office for allegedly violating his rights under the Fourth, Eighth, and Fourteenth Amendments and under state law. Moore claimed that the defendants improperly initiated a civil contempt proceeding against him for failing to pay child support, that he was wrongly arrested for failing to appear at a hearing, that his car was improperly seized and sold for less than the appraised value, that the seizure of his car impeded his ability to attend regular dialysis treatments, and that he was maliciously held in jail for 45 days rather than the 30 days prescribed by Michigan law. In an opinion and order filed on December 1 and entered on December 2, 1994, the district court granted the defendants' motion to dismiss or for summary judgment. The district court found that the Friend of the Court defendants were entitled to absolute quasi-judicial immunity, that Muskegon County could not be held liable because there was no evidence that the alleged violations resulted from a custom or policy of the county, that Moore was arrested pursuant to a facially valid bench warrant, that the sale of Moore's car did not state an Eighth Amendment claim, and that Moore received the process to which he was due.
 
 
 3
 On appeal, Moore argues that the district court erred in granting summary judgment based upon allegedly misleading factual representations. He also moves to submit newly discovered evidence.
 
 
 4
 Upon review, we affirm the district court's order for the reasons stated by the district court in its thorough opinion and because none of the factual misrepresentations alleged by Moore on appeal is material to the analysis of the legal issues in this case. When Moore's complaint is construed in the light most favorable to him, Moore undoubtedly can prove no set of facts in support of his claims against the Friend of the Court defendants that would entitle him to relief. See Fed.R.Civ.P. 12(b)(6); Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994). Further, the record establishes that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law as to Moore's Fourth, Eighth, and Fourteenth Amendment claims. See Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994). Mere conclusory allegations are insufficient to withstand a motion for summary judgment. Cincinnati Bell Tel. Co. v. Allnet Comm. Servs., Inc., 17 F.3d 921, 923 (6th Cir.1994).
 
 
 5
 Accordingly, the motion to submit newly discovered evidence is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.